UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NHELTA KAYREN

        Plaintiff,         **JURY TRIAL**

V.                               CIVIL ACTION NO

THIEBLOT RYAN P.A.

Defendant.                 MARCH 3, 2011

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Ft. Washington, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is a collection agency within the Maryland Collection Agency Licensing Act §7-101 and failed to obtain a license as required by the Act.

7. Defendant communicated with plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to plaintiff's disputed personal debt.

8. Attached hereto and incorporated herein as Exhibit 1 is a true and accurate copy of a letter that Defendant mailed to Ms. Kayren on or about February 10, 2011.

9. The letter references a debt that Ms. Kayren allegedly owed to Bill Me Later, Inc.

10. The Collection Letter states "If you have any questions about this account, please contact this office at 443-901-2565. (Exhibit 1)

11. The Defendant directs all calls to their legal assistant named Jackie Kinter, who is not a licensed attorney in the State of Maryland. (Exhibit 2)

12. The Defendant has deprived consumer debtors of Maryland and the Plaintiff, of the right to have Maryland Department of Financial Regulation review their credentials and verify they are bonded and properly licensed according to the Maryland Collection Agency Licensing Act §7-101.

13. The Plaintiff called the Law Office of Thieblot Ryan on March 2, 2001 and attempted to dispute the above referenced debt.

14. The Defendant through their collection agent Jackie Kinter failed to advise the Plaintiff of the required notice pursuant to §1692e (11).

15. The Plaintiff asked the collection agent Ms. Kinter what the current interest rate was on this account. Ms. Kinter advised the Plaintiff that no interest was being charged.

16. The Defendant's agent Jackie Kinter advised the Plaintiff that the original balance on this account, sent to her office was $1,013.73.

17. The Defendant's agent advised the Plaintiff that the difference between the amount claimed owed in exhibit 1 ($1,699.93) was not interest but was attorney fees.

18. Defendant has taken the position that the balance included attorney fees and no interest.

19. At the time the letter was written, however, no attorney fees had been awarded by any Maryland Court.

20. Defendant regularly sends letters to consumer debtors wherein the balances listed in the heading are not the actual balances that are due and owing.

21. Defendant's collection letters are misleading and deceptive in that they ask for payment of a debt based on artificially inflated figures that may confuse the least sophisticated consumer.

22. By representing that a debtor's "balance" includes non-itemized sums that are not yet owed, Defendant's collection letters sent to Plaintiff contain false representations of the character, amount or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A).

23. By representing that a debtor's "balance" includes non-itemized sums that are not yet owed, and by requesting a payment based on that artificially inflated total, Defendant's collection letters sent to Plaintiff constitute false or deceptive means to attempt to collect consumer debt in violation of 15 U.S.C. § 1692e(10).

24. By representing that a debtor's "balance" includes non-itemized sums that are not yet owed, and by requesting a payment based on that artificially inflated total, Defendant's actions constitute unfair or unconscionable means of collecting consumer debt in violation of 15 U.S.C. § 1692f.

25. In the collection efforts, the Defendant through their collection agent Ms. Kinter, violated the FDCPA; inter alia, section §1692e & f.

## SECOND COUNT

26. The allegations of the First Count are repeated and realleged as if fully set forth herein.

27. Within three years prior to the date of this action Defendant has engaged in acts and practices as to plaintiff in violation of the Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

28. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

**WHEREFORE Plaintiff respectfully requests this Court to:**

1. Award Plaintiff such damages as are permitted by law both compensatory and punitive, including $1,000 statutory damages for each communication against the Defendant;

2. Award the Plaintiff costs of suit and a reasonable attorney's fee;

3. Award declaratory and injunctive relief, and such other and further relief as law or equity may provide

THE PLAINTIFF

BY /s/ BT Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com